UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDRICA DICKSON on Behalf of Herself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO.: **3:21-cv-01528** |
| | § § | JURY TRIAL DEMANDED |
| CONTINUUM GLOBAL SOLUTIONS, LLC. | § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE
ACTION COMPLAINT & JURY DEMAND**

**SUMMARY**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA") against Defendant Continuum Global Solutions, LLC ("Defendant"). Defendant instituted company-wide policies that failed to pay the Plaintiff and the Class Members for all hours they worked. As a result of not paying for all hours worked, Defendant owes the Plaintiff and the Class Members substantial overtime wages.

2. Defendant's unlawful policies include (1) failing to compensate the Plaintiff and Class Members for their compensable preliminary activities, (2) instituting a policy of only paying for the time spent by customer service agents on active calls with customers instead of all time worked between the start and end of the workday, and (3) failing to include bonus payments in the calculation of the regular rate of pay.

3. Consequently, Defendant's compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff and the Class Members, to be compensated at one and

1

one-half times their regular rates of pay for each hour worked over forty (40) per week. *See* 29 U.S.C. § 207(a).

4. Plaintiff brings this collective action to recover unpaid overtime wages owed to her individually and on behalf of all current and former customer service agents of Defendant at any time during the three-year period prior to the filing of this Complaint.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this action pursuant 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District. Defendant's headquarters is in this District and Defendant made the decision to enact the unlawful policies occurred made the basis of this lawsuit in this District.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Dickson is an individual residing in Charlotte, North Carolina. Her written consent to this action is attached hereto as Exhibit "A."

8. The Class Members are all of Defendant's current and former customer service agents, and all employees in substantially similar positions, who worked at least one week during the three-year period prior to the filing of this Complaint to the present.

9. Defendant Continuum Global Solutions, LLC is a foreign limited liability company organized under the laws of Delaware. Said Defendant can be served with process by serving its registered agent United Corporate Services, Inc. at 608 University Avenue, Sacramento, CA 95825.

10. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business activities in the state of Texas. Defendant has established minimum contacts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendant is, therefore, consistent with the constitutional requirements of due process.

11. Specifically, Defendant's principal place of business is in Texas, Defendant employs residents of Texas, owns property in Texas, contracts with companies in Texas, advertises in Texas, and maintains a substantial business presence in this state.

## COVERAGE

12. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an employer within the meaning of N.M. STAT. ANN. § 50-4-21(B).

14. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

15. At all material times, Defendant has had an annual gross business volume in excess of the statutory standard.

16. At all material times, Plaintiff and Class Member were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

17. Defendant operates several customer service call centers across the U.S. Defendant's website states as follows:

> Continuum Global Solutions customer care services and call centers have been embraced by top companies worldwide. Our Fortune-500 clients rely on our vast expertise in customer care management.
>
> Continuum customer care and call center solutions leverage world class voice, chat, email, and social technologies. We have over 15,000 employees in major international markets and serve tier 1 clients across multiple industry verticals.

(https://www.continuumgbl.com/about, last visited June 29, 2021)

18. Plaintiff worked in Defendant's customer service call center in North Carolina along with approximately 200 other customer service workers. Plaintiff worked for Defendant from June 2017 to March 2020.

19. Plaintiff's primary duty was to communicate with customers and to answer general questions for the customers of Defendant's clients.

20. Defendant paid Plaintiff and the Class Members on an hourly basis.

21. Plaintiff and the Class Members were not exempt from overtime.

22. Plaintiff and the Class Members worked in Defendant's call centers.

23. The call centers consist of an open room filled with hundreds of workstations.

24. The call centers operate throughout the day with overlapping shifts.

25. At times, the Plaintiff and Class Members spent approximately 10 to 30 minutes each day performing pre-shift activities without pay.

26. First, the Plaintiff and Class Members had to find her specific workstation in a large room filled with other workstations. She then had to log in to the computer system, which included entering a user id and password after allowing time for the computer to turn on. Defendant did not compensate the Plaintiff and the Class Members for this time.

27. After logging into the computer, the next step was to open and activate a series of programs in the order required by Defendant.

28. The programs that needed to be activated included the following:

    a. Windows

    b. Teams

    c. Email account

    d. Notes program

    e. Program with frequently asked questions.

29. Defendant required the Plaintiff and Class Members to be logged into all of their programs and ready to field calls at the time their scheduled shift began. Thus, the Plaintiff and Class Members had to do the necessary preliminary work prior to the start of their shift.

30. Defendant ran productivity reports on the Plaintiff and Class Members to identify those employees who were not logged in at the appropriate time. The Plaintiff and Class Members were subject to discipline if they were not logged in and taking calls at their assigned time. To avoid being disciplined, the Plaintiff and Class Members were told by their supervisors to arrive before their shifts begin to activate all programs. Again, however, they were not paid for of all of this compensable pre-shift work.

31. Additionally, after being clocked in, the Plaintiff and Class Members were not paid for all of the time that they worked. They were only paid for the time spent in active calls with customers. Even though the Plaintiff and Class Members were clocked in, their time for pay purposes was only measured based upon the amount of time they spent communicating with customers. This pay practice is a per se violation of the law.

32. By not paying for all time worked, Defendant violated the law. Thus, the Plaintiffs and Class Members are owed substantial wages for the time spent working each week that went unpaid.

33. Moreover, Defendant issued bonuses to the Plaintiff and Class Members when they met certain metrics. However, these bonuses were not factored into the regular rate of pay for purposes of paying overtime. As a result, the overtime wage that Defendant paid was less than the law requires.

34. The bonuses should have been factored into the regular rate of pay because the bonuses were non-discretionary. 29 C.F.R. § 778.207. Non-discretionary bonuses include those that are designed to encourage employees to work more steadily, rapidly, or efficiently. *Id*. Few bonuses are discretionary under the FLSA. *See* 29 C.F.R. 778.200; 778.208; 778.209.

35. 29 C.F.R. § 788.211 provides that if there is a prior agreement or notice in advance about the ability to earn the bonus, then the bonus is non-discretionary:

> In order for a bonus to qualify for exclusion as a discretionary bonus under section 7(e)(3)(a) the employer must retain discretion **both as to the fact of payment** and as to the **amount until a time quite close to the end of the period for which the bonus is paid**. The sum, if any, to be paid as a bonus is determined by the employer **without prior promise or agreement**. The employee has no contract right, express or implied, to any amount. If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it. **Thus, if an employer announces to his employees in January that he intends to pay them a bonus in June, he has thereby abandoned his discretion regarding the fact of payment by promising a bonus to his employees**.

29 C.F.R. § 788.211 (emphasis added).

36. Bonuses that are intended to encourage the employee to work harder and serve as a reward for performance are non-discretionary bonuses. In such situations, the bonuses should be included in the regular rate of pay. *See* 29 C.F.R. § 778.212(b) ("If it is measured by hours worked, production, or efficiency, the payment is geared to wages and hours during the bonus period and is no longer to be considered as in the nature of a gift."). The federal regulations provide several examples of bonuses that must be included in the regular rate of pay:

6

> Attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing employment until the time the payment is to be made and the like are in this category. They must be included in the regular rate of pay.

29 C.F.R. § 778.211(c).

37. Here, the bonuses were non-discretionary because the Plaintiff and Class Members were told in advance that they would receive the bonus if certain requirements were met. Further, the bonuses were designed to encourage the Plaintiff and Class Members to work harder and to serve as reward for their performance. Again, by not including the bonuses in the regular rate of pay, Defendant's violated the law.

38. Defendant's actions in this case were willful. Defendant knew the requirement to pay for all time worked and to pay overtime wages but intentionally and/or recklessly chose to disregard the law.

## COUNT I

## Violation of 29 U.S.C. § 207

### (Collective Action on Behalf of the FLSA Class Members)

39. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

40. Defendant's practice of failing to pay Plaintiff and the FLSA Class Members one and one-half times their regular rate of pay for all hours worked over 40 in a workweek violates the law. *See* 29 U.S.C. § 207.

41. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime are applicable to Defendant, Plaintiff, or the FLSA Class Members.

42. Due to these violations of the FLSA, Defendant is liable to Plaintiff and the Class Members for their unpaid overtime, an equal amount as liquidated damages, attorneys' fees and court costs.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all customer service agents during the three-year period prior to the filing of this Complaint to the present.

44. Plaintiff has actual knowledge, through conversations with and personal observation of other employees, that a class of similarly situated workers exists who have been denied pay by being subjected to the same illegal pay practices described above.

45. The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to Defendant's policies of not paying for all hours worked and not having their bonuses factored into their regular rates of pay for purposes of pay overtime wages.

46. Defendant uses the same compensation structure regardless of the supervisor of a particular Class Member.

47. All Class Members performed the same job functions.

48. The names and address of the Class Members of the collective action are available from Defendant's records. The Class Members should be allowed to receive notice via First Class Mail, email, via text and via a website with basic information about the lawsuit or by use of techniques and a form of notice similar to those customarily used in representative actions.

49. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated using a simple formula.

50. The class of similarly situated FLSA Class Members may be properly defined as follows:

> All current and former customer service agents, and all employees in substantially similar positions, who worked at least one week during the three-year period prior to the filing of this Complaint to the present.

51. Defendant's failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## JURY DEMAND

52. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

53. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class Members awarding them:

   a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of the unpaid wages as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA, Texas law, and the NMMWA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By:  /s/ Don J. Foty
   Don J. Foty
   dfoty@hftrialfirm.com
   Texas Bar No. 24050022
   4409 Montrose Blvd., Suite 200
   Houston, TX 77006
   Telephone: (713) 523-0001
   Facsimile: (713) 523-1116

9

AND

Anthony J. Lazzaro
Ohio Bar No. 0077962
(*pro hac vice motion forthcoming*)
Lori M. Griffin
Ohio Bar No. 0085241
(*pro hac vice motion forthcoming*)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiff and the Putative Class